# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HERMAN E. MILLENDER,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
AT-1221-15-0613-W-1

DATE: March 21, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Herman E. Millender</u>, Talladega, Alabama, pro se.

<u>Polly Russell</u>, Esquire, Anniston, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2     The appellant, a current agency employee, filed this IRA appeal alleging that the agency retaliated against him for representing employees in complaints and grievances against the agency involving the Merit Systems Protection Board (MSPB), the Equal Employment Opportunity Commission, the Office of Special Counsel (OSC), the Federal Labor Relations Authority, the Department of Labor, and the Office of Labor Management Standards.  Initial Appeal File (IAF), Tab 1 at 2, Tab 9 at 1.  He requested a hearing and alleged, inter alia, that the agency retaliated against him by refusing to take action against employees and a nonemployee trespasser for spreading false rumors about him on Federal property to destroy his reputation and "to deny a fair Union election."  IAF, Tab 1 at 2.  He further alleged that the agency allowed the local union to attack his reputation and character by spreading false rumors in violation of "regulation, policy, [and] rules."  *Id*. at 1.  The appellant also alleged an abuse of authority and an abuse of discretion by the agency.[2]  *Id*. at 11.

---

[2] The appellant submitted a copy of his January 9, 2015 letter to OSC alleging that the agency's refusal to discipline two employees and a nonemployee for spreading false rumors was an abuse of authority, an abuse of discretion, and a violation of laws, regulations, rules, and policies.  IAF, Tab 1 at 11.  The appellant also provided OSC and the Board with a copy of the July 24, 2014 complaint he filed with the agency's

¶3      Attached to his appeal the appellant also submitted campaign material from an American Federation of Government Employees Local 1975 election, accusing him of various misdeeds. IAF, Tab 1 at 6-7. The appellant also submitted: the agency's Table of Penalties for various offenses; the July 24, 2014 letter he sent to the agency's Inspector General; the January 9, 2015 letter he sent to OSC and the April 9, 2015 letter informing him that OSC had terminated its inquiry into his allegation of reprisal for whistleblowing and he could seek corrective action from the Board. *Id*. at 4-5, 9-16. The administrative judge issued an order informing the appellant of his jurisdictional burden and ordering him to file evidence and argument establishing jurisdiction over his appeal. IAF, Tabs 3, 8. The parties responded. IAF, Tabs 9‑12.

¶4      Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID). She found that the appellant nonfrivolously alleged that he engaged in an activity protected under 5 U.S.C. 2302(b)(9) by representing and assisting coworkers in complaints and grievances against the agency, and that he raised this activity in his letter to OSC. ID at 3-5. The administrative judge found, however, that the appellant failed to allege that the agency took or threated to take a personnel action against him in reprisal for his protected activity. ID at 5. The administrative judge also found that the appellant's complaints in his January 9, 2015 letter to OSC alleging an abuse of authority, an abuse of discretion, and violations of laws, rules, regulations and policies, were too vague to constitute protected disclosures under 5 U.S.C. § 2302(b)(8). ID at 3, n.3. The appellant filed a petition for review of the initial decision, and the agency

---

Office of the Inspector General alleging that the agency failed to protect him on a military installation in reprisal for his "involvement with EEO AND MSPB cases." *Id*. at 9, 11. He further alleged that "[t]he Agency allowed Union Officers to enter government property to spread false statements and called the incident 'internal Union Business.'" *Id*.

responded in opposition to his petition for review. Petition for Review (PFR) File, Tabs 1, 3.[3]

¶5  The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegation that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D)[4]; and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action, as defined by 5 U.S.C. § 2302(a)(2)(a), against the appellant. *See* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).

¶6  On review, the appellant reasserts the claim he raised on appeal that his protected activity was a contributing factor in the agency's failure to take

---

[3] On March 1, 2016, the Office of the Clerk of the Board received a pleading from the appellant titled, "Response to Agency's Cross Petition for Review," which appears to be intended as the appellant's reply to the agency's January 11, 2016 response to his petition for review. PFR File, Tab 4. Though this pleading is dated January 25, 2016, it bears a postmark date of February 1, 2016. *Id.* Accordingly, because the appellant's reply was untimely filed, we have not considered it. *See* 5 C.F.R. § 1201.114(e); 5 C.F.R. § 1201.23.

[4] The Whistleblower Protection Enhancement Act (WPEA) expanded the Board's jurisdiction in IRA appeals to include claims that a personnel action was proposed or taken as a result of a prohibited personnel practice described at 5 U.S.C. § 2302(b)(9)(B). Specifically, section 101(b)(1)(A) of the WPEA amended 5 U.S.C. § 1221(a) to provide that an employee, former employee, or applicant for employment may seek corrective action from the Board with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in 5 U.S.C. § 2301(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014) (discussing the scope of the WPEA amendments to title 5).

disciplinary action against *other* employees and nonemployees for distributing false statements about the appellant and his wife during the course of a union campaign. PFR File, Tab 1 at 3. Because the appellant does not allege that the agency took, threatened to take, or failed to take, any personnel action against him based upon his protected activity, we agree with the administrative judge's decision to dismiss this IRA appeal for lack of jurisdiction. ID at 5; *see* 5 U.S.C. §§ 1214(b)(4)(B)(i), 2302(a)(2)(A), 2302(b)(9); *Rebstock*, 122 M.S.P.R. 661, ¶ 9. We find that the appellant's remaining arguments on review, alleging that the administrative judge made factual, legal, and procedural errors that affected the outcome of his appeal, provide no basis to disturb the initial decision.[5] We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court

---

[5] For example, the appellant argues, among other things, that the initial decision incorrectly cites the date of "[t]he letter that exhausted his OSC complaint," and he submits his letter to OSC dated March 23, 2015. PFR File, Tab 1 at 1, 16. However, the letter he submits on review predates the April 9, 2015 closure letter that he received from OSC, which the administrative judge properly cited in the initial decision. ID at 3; IAF, Tab 1 at 5. The appellant argues that the agency should have disciplined the individuals who spread false rumors about him on Government property. IAF, Tab 1 at 3. The appellant submits part of the January 23, 2014 final order issued by the Board in a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) case, in which he represented an individual disciplined for spreading rumors. PFR File, Tab 1 at 32-33. The appellant resubmits his June 29, 2015 Response to Jurisdiction and the agency's Table of Penalties, which is part of the record on appeal. PFR File, Tab 1 at 21-31; IAF, Tab 1 at 13-16, Tab 9. The appellant also submits a copy of the initial decision issued by the Board in this appeal. PFR File, Tab 1 at 6-15. Having considered the appellant's evidence and argument on review, we find no basis to disturb the initial decision.

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                   _____
                                                                 William D. Spencer
                                                                 Clerk of the Board

Washington, D.C.